

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00159-CR

_____

SAMANTHA ANN DILLARD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 26497

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Samantha Ann Dillard entered a plea of guilty to a charge of theft of property having a value of $1,500.00 or less, but with an enhanced penalty due to two prior theft convictions for which she was sentenced to twenty-four months' confinement.[1]  Dillard's appointed appellate counsel filed this appeal and subsequently filed a brief which discusses the record and reviews the trial proceedings in detail.  Counsel concluded that there are no arguable grounds to be advanced on appeal and filed a brief meeting the requirements of *Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); and *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).  Dillard has taken the opportunity to file a pro se response to her attorney's brief.  After conducting our own review of the record, we concur with appellate counsel and find that there are no meritorious grounds for appeal.  Accordingly, we overrule the grounds argued by Dillard and affirm the trial court's judgment and sentence.[2]

## I.  Dillard's Points of Error

In a letter to this Court, Dillard raises two points which she claims entitle her to appellate relief.

---

[1] *See* Act of May 29, 2011, 82d Leg., R.S., ch. 1234, § 21, 2011 Tex. Gen. Laws 3302, 3310 (theft of property valued at less than $1,500.00 with two prior theft convictions) (amended 2015) (current version at Tex. Penal Code § 31.03(e)(4)(D) (West Supp. 2016)).

[2] Dillard entered a guilty plea regarding the offense in this case and to another charged indictment alleging the same offense.  A single appeal addresses both cases, and our resolution of the issues in this case apply to Dillard's appeal of her other conviction.  Please see our opinion issued on even date herewith in *Samantha Ann Dillard v. The State of Texas*, cause number 06-16-00160-CR.

First, she argues that because Gary Young, county attorney for Lamar County, previously represented Dillard on a charge of assault in 1998 (about eighteen years before the instant lawsuit), he should be barred from prosecuting these cases against her. Although Dillard had filed a motion seeking to bar Young from representing the State, as a part of the plea bargain agreement, Dillard withdrew that motion. The argument of counsel at trial indicates that under the plea agreement, Dillard would plead guilty to the two pending theft charges, and a punishment hearing would be held the following week. Further, Dillard's counsel added, "[The State will] not file an additional third degree felony that she had in the wings and we have agreed that we will dismiss our motion as to whether Gary Young should be allowed to prosecute this case." Accordingly, it is clear that Dillard waived this argument at trial, and we will not consider it here. *See Faulder v. State*, 612 S.W.2d 512, 514 (Tex. Crim. App. 1980).[3]

## II.    Dillard's Plea Agreement

In her pro se brief, Dillard complains that the State failed to adhere to all of the terms of the plea agreement into which she and the State had entered, resulting in her not receiving the results she had anticipated.[4] From our reading, Dillard seems to complain that she thought she

---

[3]Even if Dillard had not waived this argument, there is nothing in the record proving Young was in possession of confidential information used against Dillard in the instant prosecution. In *Landers v. State*, 256 S.W.3d 295 (Tex. Crim. App. 2008), the Texas Court of Criminal Appeals reviewed a comparable situation, where a claim of conflict of interest was raised against the same prosecutor, Young. There, Landers raised the allegation of conflict of interest in a motion for new trial and the trial court conducted an in-camera review of Young's file as defense counsel on the earlier case as well as his office's prosecution file for the case then at bar. No specific confidential information that was obtained by Young in his prior representation was identified, and Landers failed to show a due process violation in Young's participation in the prosecution. *Id*. at 310. As remarked by the trial court there, "It's not enough just to say he was my lawyer once upon a time. Most of what happened in that case was a matter of public record." *Id.* at 300.

[4]In Dillard's words, she "didn't receive what [she] signed for."

was pleading to two theft cases and that the State would not file other charges then pending. Dillard believes this agreement was not implemented, because the evening after she had received her sentence of two years' incarceration for each of the two theft charges (those sentences to run concurrently), she was issued three bonds at the jail, and then credited with time served to discharge the sentences on those cases. Dillard claims that she was still held liable for the court costs on those cases.

First, there is nothing in the record proving the existence of any other charges filed against Dillard or pending at the time she and the State executed the plea agreement leading to this conviction and appeal. Second, Dillard offers no proof that she has any current liability for court costs or fees on any other case. Finally, we find nothing in the record to suggest that the plea agreement was not followed. In addition to the rendition quoted above, in the written plea admonishments regarding the plea bargain recommendation is written the following: "No agreement as to sentence, however parties agree whatever sentence set by judge [at] punishment hearing [will] run cc w/ [other theft case] & State will not file pending 3d degree felony – injury to a child[.]" There is no indication in the record before us that Dillard failed to receive the benefits for which she bargained in the plea agreement. Rather, the record reflects that she presented an open plea of guilty to the trial court, the court heard evidence on punishment, and the sentences for the two theft convictions were ordered to run concurrently; further, there is no indication that the State did not dismiss, or decline to pursue to prosecution, a third degree felony which had been investigated and at least presented for prosecution.

4

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).[5]

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice


Date Submitted: March 15, 2017
Date Decided: April 21, 2017

Do Not Publish

---

[5]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.